UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SADIEL VISET-KINET,

Petitioner,

v. Case No. 2:26-cv-820-JES-NPM

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

_______________________________/

**OPINION AND ORDER**

Petitioner Sadiel Viset-Kinet, an immigration detainee, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). Respondents have filed a response (Doc. 7) and two supplemental responses (Doc. 14; Doc. 15) to the petition. Upon review of the parties' filings, the Court concludes that the petition must be granted.

**Background**

Viset-Kinet is a national and citizen of Cuba who entered the United States on March 9, 2021. (Doc. 7 at 2). Because he was stopped at, or near, the border, Viset-Kinet was processed for expedited removal, and his order of removal became final on April 1, 2021. (Doc. 7 at 2). On April 8, 2021, he was released on an order of supervision. (*Id.*) On March 20, 2025, Immigration and

Customs Enforcement (ICE) issued an interim notice authorizing parole. (*Id.* at 3). Viset-Kinet does not appear to have a criminal record.

On January 11, 2026, ICE revoked Viset-Kinet's order of supervised release and placed him in immigration custody. (Doc. 7 at 2). On February 2, 2026, they served him with a notice of removal to Mexico. (*Id.*)

**Discussion**

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

Viset-Kinet argues, among other things, that he is entitled to release from immigration custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. 1 at 9). In *Zadvydas*, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely that Congress "believed that

all reasonably foreseeably removals could be accomplished in [90 days]." *Id.* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. *Id.*

On April 10, 2026, Respondents argued that Viset-Kinet was not entitled to release under *Zadvydas* because his latest immigration detention had lasted only 89 days when he filed his petition. (Doc. 7 at 5). However, by July 15, 2026, there was no dispute that Petitioner's latest immigration had exceeded 180 days, and the Honorable John E. Steele directed Respondents to update the court by "describe[ing] in detail all efforts made to secure Viset-Kinet removal." (Doc. 10).

In their supplemental responses (Doc. 14; Doc. 15), Respondents assert that "ICE intends to remove Petitioner to Mexico." (Doc. 15 at 1). [1] Respondents

[1] In their first supplemental response Respondents also argue that—because he filed his habeas petition before 180 days had passed—the Court should now require Viset-Kinet to dismiss this action and refile an identical petition. (Doc. 14 at 2). Even if Viset-Kinet's aggregate time in immigration custody did not exceed 180 days when he filed this petition—a finding not made by the Court—it is undisputed that the 180-day limit has now passed. And forcing Viset-Kinet to refile the same petition would add to the Court's overwhelming immigration caseload and serve little purpose other than delay.

do not allege that Mexico has actually agreed to accept Viset-Kinet or that ICE has communicated with Mexico specifically regarding Viset-Kinet. Nor do Respondents claim that necessary travel documents have been sought—let alone obtained—for any country.

In short, Respondents have had more than five years since Viset-Kinet's order of removal—and more than six months since his present detention—to remove him from the United States and are still unable to articulate a specific plan for his removal to Cuba, Mexico, or another country. And while there may be some possibility that Mexico will eventually accept Viset-Kinet, "that is not the same as a significant likelihood that [he] will be accepted in the *reasonably foreseeable future*." *Arenado-Borges v. Bondi, et al.*, No. 2:25-cv-2193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (emphasis added) .

Viset-Kinet is entitled to release from detention under *Zadvydas*, but he remains subject to the terms of an order of supervision. *See* 8 U.S.C. § 1253(b); *Zadvydas*, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions."). If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Viset-Kinet to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is **ORDERED:**

1. Sadiel Viset-Kinet's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Respondents shall release Viset-Kinet within 24 hours of this Order and facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record